IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**OTHELLO JOHNSON,**

                Petitioner,

        v.                          CASE NO.  07-3308-SAC

**ROGER WERHOLTZ,**
**et al.,**

                Respondents.

### O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2254, was filed and the filing fee was paid by an inmate of the Norton Correctional Facility, Norton, Kansas (NCF). Having examined all materials filed, the Court finds as follows.

### GROUNDS

As ground one for his federal Petition, Mr. Johnson claims "judicial misconduct." In support of this ground, he states Judge Pilshaw "was biased." He supports this statement with allegations that Judge Pilshaw has been the subject of five formal disciplinary inquiries for violation of an individual's civil rights since 2000, and in September 2007 was placed under investigation for the sixth time by the Kansas Supreme Court. He also states that Judge Clark (apparently in his Memorandum order filed March 17, 2004) "violated the laws intended to protect (his) constitutional rights" and "failed to exercise judicial responsibility" in answering Mr. Johnson's habeas corpus petition.

Petitioner alleges he did not raise this issue on direct appeal because he was not aware of Judge Pilshaw's bias until the appeals process was complete, and he was not provided adequate legal advice.

He alleges he raised it in his 1507 action filed on January 23, 2004, which he claims was not appealed[1] "due to being terrified of judicial reprisals as threatened by the Court" and a "lack of legitimate legal advice."

As ground two, petitioner claims prosecutorial misconduct. In support of this claim, he alleges the prosecutor changed the complaint/information to a more severe charge after the preliminary hearing; intentionally misled the court regarding Johnson's criminal history on two occasions, and intentionally misled the court by claiming Johnson's 1507 action filed on February 8, 2005, was time-barred.

Petitioner states he did not raise this claim on direct appeal because he was dependent on counsel for raising issues of law on his behalf before the Kansas Court of Appeals (KCOA). He states he raised this claim in his 1507 petition filed in 2005, which was dismissed "as time barred, successive," and affirmed on appeal.

As ground three, Johnson claims ineffective assistance of counsel. In support, he alleges trial counsel did not adequately investigate the case, did not object to the amended complaint, and did not attempt to present the defense theory of voluntary intoxication negating intent. He further alleges "counsel did not provide any reasonable expectation of representation in final" 1507. The court notes petitioner had different counsel on direct appeal and during post-conviction proceedings.

Petitioner states he did not raise this claim on direct appeal

---

[1] From these allegations, it is not clear that petitioner has met the requirement that he exhaust all available state court remedies on this particular claim. Petitioner will be required to show full exhaustion, if his Petition is not first found to be time-barred.

2

because "Kansas does not accept ineffective assistance of counsel for the first time on direct appeal." He states he did raise it in his 2005 state habeas, which was denied and affirmed on appeal.

The court is asked to order a new trial with an unbiased judge.

**PROCEDURAL HISTORY - DIRECT CRIMINAL PROCEEDINGS**

Petitioner was convicted by a jury in the District Court of Sedgwick County, Kansas, of rape of a child. He was sentenced on June 11, 1997, to 322 months[2] in prison. He directly appealed to the Kansas Court of Appeals (KCOA), which affirmed his conviction on July 23, 1999, but remanded with directions for resentencing[3] (Kansas Appellate Case No. 79433). Johnson was resentenced, appealed again, and the sentence was vacated and remanded a second time (Kansas Appellate Case No. 84579). See State v. Johnson, 41 P.3d 302 (Kan.App., Jan. 18, 2002, Table). Johnson was sentenced a third time on May 2, 2002. He filed a third direct appeal to the KCOA (Kansas Appellate Case No. 88904), which was dismissed on May 30, 2003[4]. His Petition for Review was denied on September 23,

---

[2] Petitioner alleges his sentence was eventually reduced to 254 months.

[3] On direct appeal, Johnson claimed his inculpatory statements to police were involuntary, and his waiver of rights was not knowing or intelligent due to his intoxication. He also claimed insufficient evidence, and erroneous failure to instruct the jury on lesser included offenses. The KCOA agreed with his claim that the trial court erred in counting his Arkansas conviction for burglary as a person felony, and the matter was remanded for resentencing on that basis.

[4] Petitioner exhibits a Memorandum by Judge Clark filed in Sedgwick County District Court, which refers to the "Journal Entry of Resentencing After Second Remand" filed in Case No. 96-CR-1936, on May 2, 2002. Judge Clark noted Johnson was sentenced to the "low" number in the "Presumptive Sentencing Range."
Petitioner also exhibits the unpublished opinion of the KCOA filed in Case No. 88904 on May 30, 2003, which was an appeal from the decision of Judge Pilshaw. The KCOA noted it was petitioner's third appeal of his sentence, that in the first appeal the KCOA vacated his sentence and remanded for resentencing, that in his second appeal the KCOA held "the record did not support the criminal history score the trial court had applied in resentencing," and the matter was again vacated and remanded for resentencing. At the second resentencing, the court corrected Johnson's criminal history score, resentenced him, and recommended postrelease

2003.  Petitioner's conviction thus became "final" ninety days later[5] on December 22, 2003.

**PROCEDURAL HISTORY - STATE COLLATERAL REVIEW PROCEEDINGS**

On July 17, 2000, Johnson filed a state post-conviction motion pursuant to K.S.A. § 60-1507 in the Sedgwick County District Court. This petition was denied on July 26, 2000.  Petitioner's exhibits indicate he voluntarily dismissed his appeal.

On January 23, 2004, Johnson filed his second 1507 petition in Sedgwick County District Court (Case No. 04 CV 419) alleging newly discovered evidence of judicial misconduct and impartiality.  This motion was denied in Judge Clark's Memorandum dated March 17, 2004[6]."  Johnson did not appeal this denial.[7]

On February 5, 2005, Mr. Johnson filed a third 1507 petition

---

supervision conditions to include his payment of court costs, witness fees, and defense attorney fees.  On Johnson's third appeal, he challenged these postrelease conditions as exceeding the KCOA's prior mandate and as unconstitutional.  The KCOA dismissed the appeal, ruling that some of the conditions were required by statute, and others involved no case or controversy, as they would be determined by the Kansas Parole Board.

[5]  A conviction is "final" after the direct appeal is complete and the 90-day time period for filing a petition for writ of certiorari in the United States Supreme court has expired.

[6]  Petitioner alleges this petition was "denied with threat of sanctions."  In this 1507 motion (Case No. 04 CV 419) he claimed newly discovered evidence of judicial bias.  Judge Clark, in his March 17, 2004 Memorandum disposing of this action, ruled petitioner was not entitled to relief.  He found the evidence proffered by Johnson was an affidavit containing declarations of another felon not an affiant, which had "no probative value" and was "not credible."  Judge Clark noted the affidavit contained and had attached "matter that is sham, scandalous and not material."  The attachment to the affidavit was "struck as sham," and sealed by the court.  The court then cited state statutes permitting sanctions by the court for filing sham or false claims, and gave Mr. Johnson time to show cause why monetary sanctions should not be ordered against him.

[7]  Petitioner states he did not appeal the denial of his first 1507 petition to the highest state court because his direct appeal was still active. He alleges he did not appeal the denial of his second petition for "absolute fear of reprisals from judiciary branch as threatened in Court's order."  Petitioner's fear of sanctions for inappropriate filings does not excuse his failure to fully and properly pursue state court remedies.

(Case No. 05-CV-563) claiming ineffective assistance of counsel, insufficient evidence, erroneous jury instructions, defective amended complaint, and incorrect criminal history. He exhibits the Order denying relief on July 17, 2005, which held his motion was time-barred, and successive[8]. Petitioner appealed the denial to the KCOA, which affirmed on February 23, 2007. A Petition for Review was denied on October 1, 2007.

**STATUTE OF LIMITATIONS**

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

Applying the above statutory provisions to the procedural facts set forth herein, the court tentatively finds Mr. Johnson did not file his federal habeas corpus Petition within the one-year statute of limitations. Mr. Johnson's conviction became "final" on December 22, 2003. Consequently, the statute of limitations began running in

---

[8] Petitioner will have to show cause and prejudice for his procedural default of these claims, if this Petition is not first determined to be time-barred.

his case on December 22, 2003, and ran for 32 days until Mr. Johnson filed his 1507 motion on January 23, 2004. It was tolled while the state action was pending until it was denied on March 17, 2004. The federal statute of limitations began to run again on March 18, 2004, and continued to run for 323 days until it was tolled by the filing of Mr. Johnson's third 1507 action on February 8, 2005. At this point, only ten days remained in the federal limitations period. The tolling effect of petitioner's third 1507 action lasted while that action was pending until the Petition for Review was denied on October 1, 2007. The limitations period then began to run again and expired on October 11, 2007. Mr. Johnson's federal habeas corpus Petition filed herein was executed on November 29, 2007. Unless Mr. Johnson presents facts to the court indicating he is entitled to either additional statutory tolling or equitable tolling, the court will enter an Order finding his federal Petition was not timely filed and must be dismissed.

**TOLLING OF THE STATUTE OF LIMITATIONS**

Mr. Johnson will be given time to allege facts showing he is entitled to additional tolling and to show cause why this Petition should not be dismissed as time-barred. In addition to the statutory tolling for pending state actions, the limitations period may be subject to equitable tolling.

However, equitable tolling is warranted only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808, *quoting* Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999); Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir.), cert. denied, 531 U.S. 1035 (2000). To qualify for

6

such tolling, petitioner must demonstrate that extraordinary circumstances beyond his control prevented him from filing his federal petition on time, and that he diligently pursued his claims throughout the period he seeks to toll. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998), cert denied, 525 U.S. 891 (1998). The Tenth Circuit has stated that equitable tolling is appropriate, for example, where a prisoner is actually innocent; when an adversary's conduct or other uncontrollable circumstances prevent a prisoner from timely filing; or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003).

Complaints about unfamiliarity with the legal process and illiteracy have been found to provide no basis for equitable tolling. See Scott v. Johnson, 227 F.3d 260, 263 FN3 (5th Cir. 2000), cert. denied, 532 U.S. 963 (2001). Moreover, ignorance of the law generally and of the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated pro se prisoner. Marsh, 223 F.3d at 1220; Miller, 141 F.3d at 978; Gibson, 232 F.3d at 808.

Mr. Johnson responded to the question on timeliness in his form Petition, that he has been diligently pursuing this matter is various courts for the past 11 years, has been dependent on the advice of inmate assistants and appointed attorneys, and feels review by this court is warranted, even if his Petition is statutorily time-barred, because the "issues rise to such a constitutional nature." He also alleges he received "unfair review"

7

by a "judiciary . . . attempting to protect the interests of a single judge" at the cost of his freedom and access to the courts. These conclusory allegations are not sufficient to demonstrate the actual existence of exceptional circumstances which would warrant equitable tolling of the time limit set by Congress for filing a federal habeas corpus action. Complaints regarding his post-conviction counsel do not entitle him to equitable tolling. Nor does the fact that petitioner believes his claims are of constitutional stature, since all habeas corpus claims must allege the violation of a federal constitutional right.

The court will give petitioner an opportunity to show that his Petition should not be dismissed as time-barred. If petitioner does not present facts within the time provided indicating that the statute of limitations in this case was tolled, either by statute or by equitable tolling, then this action will be dismissed as time-barred.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is granted thirty (30) days in which to show cause why this action should not be dismissed as time-barred.

**IT IS SO ORDERED**.

Dated this 7th day of January, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

8