IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

OTHELLO JOHNSON,

Petitioner,

v.                                    CASE NO.   07-3308-SAC

ROGER WERHOLTZ,
et al.,

Respondents.

MEMORANDUM AND ORDER

This petition for writ of habeas corpus, 28 U.S.C. § 2254, was filed and the filing fee was paid by an inmate currently confined at the Hutchinson Correctional Facility, Hutchinson, Kansas.  Previously, this court entered an Order setting forth tentative facts indicating this Petition might be time-barred under the applicable statute of limitations, 28 U.S.C. § 2244(d), and granting petitioner time to show cause why it should not be dismissed as untimely.

Having examined petitioner's Response together with all other materials filed herein and the current relevant law on the federal statute of limitations, the court concludes that this Petition was filed within the statutory time limitations and is not time-barred.  This conclusion follows from current law holding that petitioner is entitled to an additional thirty days tolling for the time in which he could have appealed the March 17, 2004, denial of

his second 60-1507 petition, even though he did not appeal[1].  See Serrano v. Williams, 383 F.3d 1181 (10th Cir. 2004).  He is also entitled under current Tenth Circuit precedent to an additional twenty days of tolling for the time that the Tenth Circuit apparently believes he could have filed a motion for rehearing of the October 1, 2007 denial of his Petition for Review by the Kansas Supreme Court[2].  This additional tolling of at least fifty days, not considered in the court's previous tentative findings, means that petitioner clearly filed his federal Petition before the statute of limitations expired in this case.

However, as the court commented in a footnote in its prior Order, there is another threshold issue that now must be resolved. It also appeared upon screening the Petition that the claims raised therein had not been fully exhausted and may have been procedurally defaulted.  The court now considers these issues.


**CLAIMS**

In its prior Order, the court set forth the grounds raised in this federal Petition.  Briefly summarized, they include judicial bias by the trial judge and another judge that ruled on petitioner's state post-conviction motion, prosecutorial misconduct at trial and during state post-conviction proceedings, and

---

[1]     It also appears that petitioner filed a motion to alter or amend judgment of this decision, which was denied in November, 2004, thus further extending the tolling effect of these 1507 proceedings.

[2]     This court adheres to Circuit precedent in this case, even though, according to Kansas S.Ct.Rules, Rule 8.03(f), the denial of a Petition for Review by the Kansas Supreme Court is not subject to a Motion for Rehearing.

ineffective assistance of counsel at trial and during Mr. Johnson's "final" post-conviction motion.

## FACTS AND PROCEDURAL HISTORY

From the materials filed by petitioner together with public court records regarding his state criminal and post-conviction cases[3], the court finds the following relevant facts. Petitioner was convicted by a jury in the District Court of Sedgwick County, Kansas, of rape of a child (Dist.Ct. Case No. 96-CR-1936). He was first sentenced on June 11, 1997, to 322 months in prison, but his sentence was eventually reduced to 254 months. Petitioner was represented at trial and sentencing by attorney Ms. Martin.

### Direct Appeal

Mr. Johnson directly appealed to the Kansas Court of Appeals (KCOA). He was represented on his first appeal by two assistant appellate defenders as well as chief appellate defender Ms. Kunen. The claims he raised on this appeal[4] are set forth in the unpublished opinion of the KCOA[5], which petitioner has attached to his Petition:

[T]he trial court erred in allowing the State to

---

[3]    This court takes judicial notice of these records.

[4]    Johnson alleges he claimed his inculpatory statements to police were involuntary, and his waiver of rights was not knowing or intelligent due to his intoxication.  He also claimed insufficient evidence, and erroneous failure to instruct the jury on lesser included offenses.

[5]    A summary of the facts in Mr. Johnson's case is also set forth in the KCOA's opinion, and need not be repeated here.  Id. at *2-*3.

strike a potential juror on the basis of her
religion; in admitting Johnson's statements into
evidence; in denying his motion for acquittal; in
not instructing the jury on aggravated indecent
liberties with a child as a lesser included
offense; in not instructing the jury on attempted
rape as a lesser included offense; and in
concluding that his prior Arkansas conviction for
burglary was a person felony."

State of Kansas v. Johnson, Appellate Case No. 79433, slip op. at

*2 (Kan.App. July 23, 1999, unpublished). The KCOA discussed each

of plaintiff's claims and affirmed his conviction, but found the

trial court erred in counting his Arkansas conviction for burglary

as a person felony, and remanded with directions for re-sentencing.

Id. Johnson was re-sentenced, appealed again, and the sentence was

vacated and remanded a second time (Kansas Appellate Case No.

84579). See State v. Johnson, 41 P.3d 302 (Kan.App., Jan. 18,

2002, Table)(Court held that the record did not support the

criminal history score the trial court had applied in re-

sentencing.). Johnson was sentenced a third time on May 2, 2002[6].

He filed a third direct appeal to the KCOA (Kansas Appellate Case

No. 88904). Petitioner attaches the unpublished opinion of the

KCOA dismissing this appeal on May 30, 2003. The opinion indicates

that in this appeal Mr. Johnson challenged the trial court's

recommendations made during his second sentencing regarding

---

[6]      Petitioner exhibits a Memorandum by Judge Clark filed in Sedgwick
County District Court Case No. 96-CR-1936 on May 2, 2002, which refers to the
"Journal Entry of Resentencing After Second Remand". Judge Clark noted Johnson
had been re-sentenced to the "low" number in the "Presumptive Sentencing Range."

4

conditions of his post-release supervision[7].  His last Petition for Review on direct appeal was denied on September 23, 2003.

### First 60-1507 petition

Petitioner filed his first state post-conviction motion under K.S.A. § 60-1507 on July 17, 2000, while his direct appeal was still pending.  <u>Johnson v. State of Kansas</u>, D.Ct. Case No. 00-C-2158.  He describes the grounds raised as "Prosecutorial misconduct, lesser included offense jury instruction, ammended (sic) complaint after preliminary hearing to increase penalty, lack of evidence, plea offer of lesser offense for considerably reduced sentence."  He states the motion was denied on July 26, 2000[8].  He apparently filed a notice of appeal of the denial, but voluntarily dismissed the appeal in February, 2001.  In his federal Petition, his explanation for not pursuing this appeal is that the "appellate court denied the docketing" because his direct appeal was "still active and "lack of sufficient legal advice and knowledge."  Mr. Johnson was represented by appointed counsel, Mr. Whalen, on this

---

[7]     The KCOA noted this was petitioner's third appeal of his sentence. At the second re-sentencing, the court corrected Johnson's criminal history score, re-sentenced him, and recommended post-release supervision conditions to include his payment of court costs, witness fees, and defense attorney fees.  In this third appeal, Johnson challenged these post-release conditions as exceeding the KCOA's prior mandate and as unconstitutional.  The KCOA dismissed the appeal, ruling that some of the conditions were required by statute, and others involved no case or controversy, as they would be determined by the Kansas Parole Board.

[8]     The KCOA, in its unpublished opinion (discussed later herein) on appeal of the denial of petitioner's third 1507 motion noted the district court denied this first 1507 petition finding the claims "related to trial matters that either had been or could have been raised on direct appeal." <u>Johnson v. State</u>, 152 P.3d 110, 2007 WL 570182 (Kan.App., Feb. 23, 2007, Table), *rev. denied* (Kan., Oct. 1, 2007).

appeal.

### Second 60-1507 petition

Petitioner filed his second 1507 motion on January 23, 2004 (Dist.Ct. Case No. 04-CV-419).  The grounds raised were quoted by the state district judge as "newly discovered evidence of judicial bias."  Petitioner exhibits Judge Clark's memorandum decision finding him entitled to no relief, which was filed on March 17, 2004[9]."  Johnson did not appeal this denial[10].

### Third 60-1507 petition

On February 8, 2005, petitioner filed his third 1507 petition.  The matter was decided by Judge Clark at a "preliminary" hearing, where petitioner did not appear except through his attorney, Mr. Brown.  Petitioner exhibits a copy of the "Order Denying Relief Pursuant to K.S.A. 60-1507," which was filed on June 16, 2005.  In this Order, Judge Clark set forth facts regarding petitioner's two prior 60-1507 motions, and then the grounds raised

---

[9]     In his memorandum, Judge Clark found the "evidence" of judicial bias proffered by Mr. Johnson was an affidavit containing "declarations of another felon . . . who is not an affiant," which had "no probative value," did not meet statutory requirements, and was "not credible."  Judge Clark noted the affidavit contained and had attached "matter that is sham, scandalous and not material."  The attachment to the affidavit was "struck as sham," and sealed by the court.  The court then cited state statutes permitting sanctions by the court for filing sham or false claims, and gave Mr. Johnson time to show cause why monetary sanctions should not be ordered against him.  Petitioner claims this petition was "denied with threat of sanctions."

[10]    Petitioner states he did not appeal the denial of his second petition for "absolute fear of reprisals from judiciary branch as threatened in Court's order."  As the court noted in its previous order, petitioner's fear of sanctions for inappropriate filings does not excuse his failure to fully and properly pursue state court remedies on his claims.

in the third motion:

> This time, movant alleges trial counsel was ineffective for failing to raise a voluntary intoxication defense, the amended complaint was defective, the evidence was insufficient, the jury instruction on the burden of proof was erroneous, the trial court erred in accepting an Arkansas journal entry of prior convictions and his criminal history should have been proven beyond a reasonable doubt.

Johnson v. State of Kansas, Dist.Ct. Case No. 05-CV-563 (June 16, 2005).   The judge found the movant did not "address why these claims were not raised in his two, previous 60-1507 motions."   The judge denied the motion as "successive", "untimely" under K.S.A. 2003 Supp. 60-1507(f)[11], and because the "motions, files, records conclusively show(ed) the movant is not entitled to the relief requested," citing Supreme Court Rule 183(f).

Petitioner appealed this denial, and attorney Mr. Whalen was appointed to represent him in the KCOA.   In the Brief of Appellant, available on-line at Johnson v. State, 152 P.3d at 110, it was argued that Mr. Brown, the attorney who represented Mr. Johnson at the district court level, was ineffective in that he did nothing on Johnson's behalf, and even "advocated against" his client by admitting Johnson had filed two previous 1507 motions. It was also argued that the district court erred by not conducting an evidentiary hearing, not considering petitioner's claims on the

---

[11]     The one-year statute of limitations in K.S.A. § 60-1507(f) became effective on July 1, 2003.  See Hayes v. Kansas, 34 Kan.App.2d 157, 115 P.3d 162, 165 (2005).

merits[12], and not entering findings of fact.  In its unpublished

opinion, the KCOA set forth the claims raised by petitioner on this

appeal:

> Johnson's trial counsel was ineffective; Johnson
> was not permitted to advance his theory of
> defense; Johnson's due process rights were
> violated when the State amended the complaint
> after his preliminary hearing; the amended
> complaint failed to supply all necessary elements
> of the crime charged; Johnson's due process rights
> were violated when counsel failed to request a
> jury instruction on involuntary intoxication; the
> jury instructions did not properly instruct the
> jury on the burden of proof and the presumption of
> innocence; and the district court erred by using
> Johnson's prior criminal record to increase his
> sentence."

Johnson v. State, 152 P.3d at 110.

The KCOA first rejected petitioner's claim that his K.S.A.

60-1507 counsel was ineffective, reasoning that he had no

constitutional right to effective assistance of counsel in a 1507

proceeding.  They also found counsel was not ineffective for

"expressing candor" to the court, and "did not advocate against his

client's position."  They further held counsel's actions were not

prejudicial as they had not compelled the district court's adverse

judgment.  The court ruled that under state authority an

evidentiary hearing had not been required since the court found

Johnson's motion successive and untimely.  The KCOA determined "it

is clear that Johnson's third 60-1507 motion is successive," citing

K.S.A. 60-1507(c), "Supreme Court Rule 183(d)(2006 Kan. Ct. R.

---

[12]    Counsel stated that the issues regarding counsel, the amended
complaint, and jury instructions were never adjudicated and considered by the
district court, while asserting that this third 1507 motion was not "second or
successive" because the grounds raised were not presented in the earlier motions.

Annot. 227)," and <u>Woodberry v. State</u>, 33 Kan.App.2d 171, 175, 101 P.3d 727 (Kan.App.)("Unless exceptional circumstances are shown, the sentencing court may properly dismiss a second or successive motion on the ground its use constitutes an abuse of remedy.")(citations omitted), *rev. denied*, 278 Kan. 852 (2004). <u>Johnson</u>, 152 P.3d at * 3.   The court also reasoned that under Kansas law:

> [W]here an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived.  <u>*State v. Neer*</u>, 247 Kan. 137, 140-41, 795 P.2d 362 (1990). In addition, a postconviction motion is presumed to have listed all grounds for relief. Thus, unless exceptional circumstances are demonstrated, the district court may properly dismiss a second or subsequent K.S.A. 60-1507 motion as successive.  <u>*Brooks v. State*</u>, 25 Kan.App.2d 466, 467, 966 P.2d 686 (1998).

<u>Id</u>.  The court found it significant that Mr. Johnson "does not argue on appeal that exceptional circumstances existed that excuse his failure to allege all his claims in either his first or second K.S.A. 60-1507 motions or on direct appeal." <u>Id</u>. at *4.  The KCOA noted the dispositive nature of its ruling that Johnson's motion was successive, but also upheld the district court's finding that Johnson's motion was untimely.

## FAILURE TO EXHAUST STATE COURT REMEDIES

A prisoner seeking collateral review by a federal court of his state conviction must, prior to presenting his claims to the federal court, properly exhaust those claims in the the state

courts.   28 U.S.C. § 2254(b)(1)(A); <u>see</u> <u>also</u> <u>O'Sullivan v.</u>
<u>Boerckel</u>, 526 U.S. 838, 845 (1999)("Because the exhaustion doctrine
is designed to give the state courts a full and fair opportunity to
resolve federal constitutional claims before those claims are
presented to the federal courts, we conclude that state prisoners
must give the state courts one full opportunity to resolve any
constitutional issues by invoking one complete round of the State's
established appellate review process."); <u>Dever v. Kansas State</u>
<u>Penitentiary</u>, 36 F.3d 1531, 1534 (10th Cir. 1994)("A state prisoner
is ordinarily not able to obtain federal habeas corpus relief
unless it appears that the applicant has exhausted the remedies
available in the courts of the State.")(quotation marks omitted).
To satisfy this exhaustion requirement, a petitioner must first
present the issues raised in the federal habeas action to the
highest state court, either by direct appeal or by the
post-conviction process.  From the foregoing procedural history and
Mr. Johnson's responses to questions regarding exhaustion in his
form petition, the court finds state court remedies have not been
fully exhausted.   The court discusses the exhaustion of each of
petitioner's claims.


### 1.  Claim of Judicial Bias

Petitioner admits in his Petition that he has not exhausted
his claim of judicial bias.  Even though petitioner raised this
claim before the district court in his second post-conviction
motion, he did not appeal the district court's denial to the KCOA.

Petitioner's allegations that he did not appeal because he was unaware of Judge Pilshaw's bias until the appeals process was complete, was "terrified of judicial reprisals," and lacked "legitimate legal advice" are completely conclusory and do not establish that his remedies in the state courts were ineffective. The court concludes that Mr. Johnson did not fully exhaust available state court remedies on this claim.

### 2. Claim of Prosecutorial Misconduct

Petitioner claims that prosecutorial misconduct occurred at his trial and during state post-conviction proceedings. This claim, as presented to this court, is based upon three different alleged events or sets of events: (1) that the prosecutor changed the complaint/information to a more severe charge after the preliminary hearing; (2) that the prosecutor "intentionally misled" the court regarding Johnson's criminal history on two occasions; and (3) that the prosecutor "intentionally misled" the court by claiming Johnson's third 60-1507 petition was time-barred. Petitioner acknowledges that he did not raise any of these allegations on direct appeal. He states this was because he "was dependent on counsel for bringing issues of law before the court of appeals." He asserts that he exhausted this claim by raising it in his third 60-1507 petition filed in 2005.

The court finds that petitioner did not exhaust state court remedies on this claim and all the factual allegations upon which it is based. By Mr. Johnson's own account in his federal Petition,

he presented a claim of prosecutorial misconduct in his first 60-1507 motion; however, he gives no indication as to the facts upon which his initial claim was based.  In any event, this claim was not fully exhausted in that proceeding because petitioner dismissed his appeal of the denial of his first 60-1507 motion.  This claim was not raised in his second 60-1507 petition.  In its opinion denying the appeal of petitioner's third 60-1507 petition, the KCOA makes no mention of a claim of prosecutorial misconduct in its listing of petitioner's claims.  If petitioner in fact raised a claim of prosecutorial misconduct, as he alleges, it was clearly not in a posture to be  reviewed on the merits by either the state district court or the KCOA, because his third petition was successive and untimely.

In addition, nothing filed by petitioner indicates he has exhausted allegations that the prosecutor on two occasions "intentionally misled the Court" regarding Johnson's criminal history, or that the prosecutor misled the court by arguing the third 1507 was time-barred.  In order to have exhausted these particular claims, petitioner must have presented not only the same general claim of prosecutorial misconduct to the state courts, but also the same factual bases for this claim.  The court concludes petitioner has not shown that he fully exhausted state court remedies on this claim as it is presented in his federal Petition.

### 3.  Claim of Ineffective Assistance of Counsel

Petitioner alleges that he did not raise this claim on direct appeal because "Kansas does not accept ineffective assistance of counsel for the first time on direct appeal[13]." He asserts that he exhausted this claim by raising it in his third 60-1507 petition. However, the state appellate courts were not given a fair opportunity to review this claim, because petitioner did not present it except in a successive and untimely 60-1507 petition.

A review of petitioner's filings herein uncovers no reason for Mr. Johnson not to have raised all potential grounds for an ineffective assistance of trial counsel claim on direct appeal or in a timely, first 60-1507 petition.

In sum, the court finds that, although petitioner attempted to present some issues to the Kansas courts, he failed to timely and properly exhaust any of the issues he seeks to raise in this court, and as a result the state appellate courts have never addressed the merits of his federal claims. Dismissal without prejudice for failure to exhaust state remedies would normally result. However, dismissal for failure to exhaust is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural

---

[13]     Contrary to this assertion, under Kansas law, claims of ineffective assistance of counsel which were not raised and considered by the trial court can be pursued through either a motion to the appeals court to remand to the trial court for further fact finding or a collateral proceeding under Kan. Stat. Ann. § 60-1507.  State v. Van Cleave, 239 Kan. 117, 716 P.2d 580, 583 (1986).  Issues which were presented to and considered by the trial court, however, must be presented on direct appeal; if not directly appealed, the issues are deemed waived.  See State v. Neer, 247 Kan. 137, 795 P.2d 362, 365-66 (1990); Anderson v. Attorney General, 342 F.3d 1140, 1143-44 (10th Cir. 2003).

grounds.  <u>See Coleman v. Thompson</u>, 501 U.S. 722, 735, FN 1 (1991);
<u>Demarest v. Price</u>, 130 F.3d 922, 939 (10th Cir. 1997); <u>Smallwood v.
Gibson</u>, 191 F.3d 1257, 1267 (10th Cir. 1999).  Instead, the court
must treat Mr. Johnson's claims as if they were exhausted since
they would be procedurally barred.  <u>Smallwood</u>, 191 F.3d at 1267.


**<u>PROCEDURAL DEFAULT</u>**

    Where, as here, state-court review of petitioner's claims
is no longer available, the "technical requirements for exhaustion"
are satisfied.  <u>Coleman</u>, 501 U.S. at 732 (claim is exhausted when
"no state remedies [are] any longer 'available' to [applicant]").
However, exhaustion in this technical sense does not mean
petitioner may proceed in federal court.  If it did, the exhaustion
doctrine would have no effect.  Instead, petitioner's failure to
utilize available state court procedures by raising his claims
either on direct appeal or by filing an appeal from the denial of
post-conviction relief constitutes a procedural default of his
state court remedies.  <u>See</u> <u>O'Sullivan</u>, 526 U.S. at 842; <u>Coleman</u>,
501 U.S. at 732 (A habeas petitioner who has defaulted his federal
claims in state court meets the technical requirements for
exhaustion because there are no state remedies any longer
"available" to him, but the procedural default doctrine prevents
him from circumventing the policy underlying the exhaustion
doctrine).  The procedural default doctrine bars a federal court's
review of a state prisoner's federal claim where the prisoner
failed to give the state courts a "full and fair" opportunity to

resolve his claim - as the exhaustion doctrine requires - and the prisoner cannot cure that failure because state court remedies are no longer available. See O'Sullivan, 526 U.S. at 848 (procedural default doctrine preserves integrity of the exhaustion doctrine); Coleman, 501 U.S. at 732.  "The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." Id. at 729-30.  Because a return to state court to exhaust would be futile at this point, the court finds that petitioner's claims are procedurally defaulted for purposes of federal habeas corpus review.  See Watson v. New Mexico, 45 F.3d 385, 387 (10th Cir. 1995).

The procedural bar arises from the "independent and adequate" state ground doctrine.  Coleman, 501 U.S. at 730.  When a federal habeas petitioner's claim has been defaulted in state court on an independent and adequate state ground, federal habeas courts generally will not address the issue.  Id. at 750; Klein v. Neal, 45 F.3d 1395, 1397 (10th Cir. 1995)("It is now beyond cavil that the adequate and independent state ground doctrine is fully applicable to federal court review of habeas corpus petitions."). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." Hickman v. Spears, 160 F.3d 1269, 1271 (10th Cir. 1998).  "To determine whether the state procedural ground was 'independent,' the federal habeas court must determine that the last state court's decision clearly and expressly stated that its ruling rested upon

a state procedural bar." <u>Hume v. McKune</u>, 176 F.Supp.2d 1134, 1140 (D.Kan. 2001), *citing see* <u>Church v. Sullivan</u>, 942 F.2d 1501, 1506 (10th Cir. 1991), *citing* <u>Harris v. Reed</u>, 489 U.S. 255 (1989).  "To be considered 'adequate,' the state procedural rule implicated must be one, which is 'strictly and regularly followed' by the state court." <u>Hume</u>, 176 F.Supp.2d at 1140, *citing* <u>Messer v. Roberts</u>, 74 F.3d 1009, 1015 (10th Cir. 1996); <u>Hickman</u>, 160 F.3d at 1271 ("For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims.").

The procedural default doctrine is subject to a couple of exceptions.  First, if the petitioner shows both "cause" for his state-court default and "prejudice" therefrom, the federal court may consider the claim's merits.  <u>See</u> <u>Coleman</u>, 501 U.S. at 750; <u>English v. Cody</u>, 146 F.3d 1257, 1259 (10th Cir. 1998)(When a claim has been defaulted in state court on independent and adequate state grounds, the federal habeas court will only consider the claim if petitioner can demonstrate "cause and prejudice or a fundamental miscarriage of justice.").  Second, a federal habeas court may reach the merits of a state-defaulted federal claim when the petitioner demonstrates failure to consider the claim would result in a fundamental miscarriage of justice.  <u>Id</u>.

The existence of "cause" for a procedural default ordinarily depends on whether a petitioner is able to show some objective factor, external to petitioner and his counsel, "something that cannot fairly be attributed to [them]," that impeded his efforts to comply with the procedural rule.  <u>Coleman</u>,

16

501 U.S. at 753, *citing* <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986).  "Examples of such objective factors include a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable."  <u>Klein</u>, 45 F.3d at 1400 (internal quotations and citations omitted).  Other examples may be the discovery of new evidence or a change in the law.  Petitioner's pro se status and ignorance of the rules and the law are insufficient to establish "cause" for procedural default, and are not evidence of an "objective factor external to the defense" that impeded his compliance with the state procedural rules.  <u>See</u> <u>Dulin v. Cook</u>, 957 F.2d 758, 760 (10th Cir. 1992), *quoting* <u>McCleskey v. Zant</u>, 499 U.S. 467, 493 (1991).

If cause is established, the petitioner must then show that he suffered actual prejudice as a result of the alleged violation of federal law.  <u>See</u> <u>Klein</u>, 45 F.3d at 1400; <u>Brecheen v. Reynolds</u>, 41 F.3d 1343, 1353 (10th Cir. 1994).  The prejudice prong requires the petitioner to show that he has suffered actual and substantial disadvantage as a result of the default.  <u>See</u> <u>United States v. Frady</u>, 456 U.S. 152, 168, 170 (1982).

Alternatively, a federal court may proceed to the merits of a procedurally defaulted claim if the petitioner establishes that a failure to consider the claim would result in a fundamental miscarriage of justice.  <u>See</u> <u>Klein</u>, 45 F.3d at 1400; <u>Brecheen</u>, 41 F.3d at 1353.  To come within this "very narrow exception," the petitioner must "supplement his constitutional claim with a

colorable showing of factual innocence." <u>Herrera v. Collins</u>, 506 U.S. 390, 405 (1993); <u>see</u> <u>Kuhlmann v. Wilson</u>, 477 U.S. 436, 454 (1986); <u>Phillips v. Ferguson</u>, 182 F.3d 769, 774 (10th Cir. 1999)(A fundamental miscarriage of justice in this context means that the petitioner is probably innocent of the crime.); <u>Brecheen</u>, 41 F.3d at 1356.  Factual innocence requires a stronger showing than that necessary to establish prejudice.  <u>Schlup v. Delo</u>, 513 U.S. 298, 326 (1995); <u>Demarest</u>, 130 F.3d at 941-42.  In this context, factual innocence means that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." <u>Schlup v. Delo</u>, 513 U.S. at 327.  Such a showing does not in itself entitle the petitioner to relief but instead serves as a "gateway" that then entitles the petitioner to consideration of the merits of his claims.   <u>Id</u>., *citing* <u>Brecheen</u>, 41 F.3d at 1357, *quoting* <u>Herrera</u>, 506 U.S. at 404.

        Having carefully considered the procedural history of this case together with petitioner's allegations and exhibits under the foregoing legal doctrines, the court finds the KCOA plainly and expressly held that petitioner's post-conviction claims before that court, on appeal of the denial of his final 1507 motion, were barred from review because they were successive[14] and untimely.  In its 2007 opinion, the KCOA made clear it rejected Mr. Johnson's claims based on this procedural doctrine.

---

        [14]    K.S.A. 60-1507(c) provides: The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

The court also finds that the "abuse of remedy" procedural bar has been strictly and regularly followed by the Kansas courts. Hume, 176 F.Supp.2d at 1141.  Kansas courts have routinely employed the rule in rejecting successive post-conviction motions absent "exceptional circumstances." Id., citing Dunlap v. State, 221 Kan. 268, 559 P.2d 788 (Kan. 1977); Brooks v. State, 25 Kan.App.2d 466, 966 P.2d 686 (Kan.App. 1998).  The conclusion is inescapable that Mr. Johnson's claims were defaulted in state court on independent and adequate state grounds.  It follows that, unless Mr. Johnson can demonstrate both cause and prejudice or a fundamental miscarriage of justice, his claims presented in his federal Petition are procedurally defaulted for purposes of federal habeas review.  The court comments with regard to each of petitioner's claims.

## 1.  Claim of Judicial Bias

Although petitioner raised this claim in his second § 1507 motion, he failed to appeal the adverse ruling.  Because the time for appealing the order denying his second 1507 petition has long since passed, this contention is procedurally defaulted, and may only be considered by this court upon a showing of cause for the default and resulting prejudice, or to prevent a fundamental miscarriage of justice.

The court also finds that petitioner alleges no facts whatsoever in support of his claim of judicial bias at trial. Petitioner may not obtain federal habeas corpus relief by simply

19

making the bald statement that the trial judge was biased. The Supreme Court has recognized only "a handful" of situations in which a judge's "impartiality might be so impaired" as to violate due process. Such situations include a showing of actual bias, In re Murchison, 349 U.S. 133, 136 (1955), or that the judge has a direct financial interest in the outcome of the case. Tumey v. State of Ohio, 273 U.S. 510, 523 (1927). "In general, the standard for evaluating whether a habeas petition alleges judicial bias amounting to a denial of due process is whether the judge was "actually biased or prejudiced against the petitioner'." Nichols v. Sullivan, 867 F.2d 1250, 1254 (10th Cir.), cert. denied, 490 U.S. 1112 (1989), citing Dyas v. Lockhart, 705 F.2d 993, 996 (8th Cir.), cert. denied, 464 U.S. 982 (1983)(citations omitted). Circumstances which merely lead one to speculate about the impartiality of the judge do not deny a litigant due process unless the litigant is in fact treated unfairly. Nichols, 867 F.2d at 1254, citing Margoles v. Johns, 660 F.2d 291, 296 (7th Cir. 1981), cert. denied 455 U.S. 909 (1982)). Applying these constitutional standards, it is clear that petitioner's conclusory allegation of judicial bias is wholly insufficient to establish a denial of due process. Petitioner is given the opportunity to state facts in support of this claim as well as to show cause and prejudice for its procedural default.

Under his general claim of judicial bias, petitioner includes an allegation that Judge Clark "failed to exercise judicial responsibility" and "violated the laws intended to protect

(petitioner's) constitutional rights by "the manner in which he answered (petitioner's) habeas corpus." Assuming this claim is based upon the process utilized and rulings by Judge Clark in petitioner's second and third 1507 proceedings, the court finds no claim of judicial bias is stated. "[D]ue process challenges to post-conviction procedures fail to state constitutional claims cognizable in a federal habeas proceeding." United States v. Dago, 441 F.3d 1238, 1248 (10th Cir. 2006); see Franzen v. Brinkman, 877 F.2d 26 (9th Cir. 1989)(Majority of circuits hold that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings."), cert. denied, 493 U.S. 1012 (1989); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir.)(Section 2254 grants federal courts power "to determine the constitutionality of a state criminal conviction, but does not authorize review of state post-conviction relief proceedings."), cert. denied, 469 U.S. 823 (1984). No United States Supreme Court precedent at the time of Judge Clark's proceedings clearly established the right to an evidentiary hearing. Accordingly, petitioner's claims of judicial bias on the part of Judge Clark are dismissed for failure to state a claim.

### 2.  Claim of Prosecutorial Misconduct

Petitioner alleges that the prosecutor "changed the complaint/information to a more sever (sic) charge after the preliminary hearing." In his first 60-1507 petition, Johnson challenged the amendment of the complaint as increasing the penalty

after the preliminary hearing, but not as prosecutorial misconduct. In any event, he dismissed the appeal of the denial of this claim, and it was not raised in his second motion.  In his third motion, he claimed "the amended complaint was defective," and this claim was dismissed as successive and untimely.

In order for petitioner to go forward on this claim he must not only show cause and prejudice for procedurally defaulting it in state court.  He must also allege facts to support this claim, which in his federal Petition is based only upon conclusory allegations insufficient to state a claim for federal habeas corpus relief.  Petitioner does not allege how the complaint was amended, what acts the prosecutor took in amending the complaint that were outside his prosecutorial authority or discretion, or what prejudice petitioner suffered at trial or sentencing as a result of the amendment[15].

## 3.  Claims of Ineffective Assistance of Counsel

Most of petitioner's allegations in support of his claims of ineffective assistance of counsel are directed at trial counsel. As supporting facts, he alleges trial counsel "did not investigate

---

[15]     The court rejects petitioner's claims that the prosecutor "intentionally misled" the court.  Since petitioner's claims were actually determined to be time-barred by the state appellate court based upon facts and established legal authority, the prosecutor's arguments to the district court were hardly misleading.  In addition, petitioner alleges no facts whatsoever indicating the prosecutor's representations about his criminal history were intentionally misleading rather than mere interpretations, which were rejected by the state appellate court.  Furthermore, since petitioner was granted the relief of re-sentencing upon his challenges to his criminal history, he shows no actual prejudice from these alleged acts.

the case with any diligence," did not object to the amended complaint, and "did not attempt to present the defense theory of intoxication negating mental state."  The other allegation, that counsel did not provide any reasonable expectation of representation," is directed at different counsel who represented Johnson in his third 60-1507 petition.

Petitioner first alleged his trial counsel was ineffective in his third 60-1507 motion filed in 2005.  There, he claimed his counsel was ineffective for failing to raise a voluntary intoxication defense[16].  In his present application for federal court review, as noted, petitioner alleges two additional, separate instances of ineffective representation.

On direct appeal, Mr. Johnson raised several issues, but not a claim of ineffective assistance of trial counsel.  The KCOA eventually affirmed both the conviction and the sentence, and the Kansas Supreme Court denied review.  The state court did not address the merits of petitioner's claim of ineffective assistance of counsel because it was not raised in any of his three direct appeals.  It was also not raised in either petitioner's first or second 1507 motion.  Mr. Johnson was represented by different counsel than trial counsel on both his direct appeal to the KCOA and Petition for Review before the Kansas Supreme Court as well as in post-conviction proceedings.

Construing petitioner's allegations most liberally, he may

---

[16]     If he alleged other facts in support of this claim at the state court level, this court is not made aware of those facts.

attempt to show cause by claiming ineffective assistance of
appellate counsel in failing to raise all his claims on direct
appeal[17]. Attorney error amounting to constitutionally ineffective
assistance of counsel at the trial or direct appeal level can
constitute "cause" for a prisoner's procedural default. See
Coleman, 501 U.S. at 754; Hickman, 160 F.3d at 1272. However, an
ineffective assistance of trial or appellate counsel claim asserted
as cause must also have been first presented as an independent
claim to the state courts. See Coleman, 501 U.S. at 754; Hawkins
v. Mullin, 291 F.3d 658, 670 (10th Cir. 2002), cert. denied, 537
U.S. 1173 (2003). If, as clearly appears in this case,
petitioner's claim of ineffective assistance of appellate counsel
was itself procedurally defaulted, then petitioner must establish
cause and prejudice for that default before that independent claim
of ineffective counsel can serve as "cause and prejudice" for his
other defaulted claims. See Edwards v. Carpenter, 529 U.S. 446,
453 (2000).

Since there is no Sixth Amendment right to counsel in
post-conviction proceedings, ineffective assistance of
post-conviction counsel cannot be "cause" sufficient to overcome a

---

[17]    Under Coleman, the cause prong is satisfied by showing actual
ineffective assistance of counsel, which under Strickland requires a showing (a)
that counsel was deficient, i.e. not functioning as "counsel" as guaranteed by
the Sixth Amendment and (b) that defendant suffered prejudice, i.e. that
counsel's errors deprived defendant of a fair trial. Thus, even if petitioner
could show that appellate counsel's performance was deficient, he must also show
prejudice-a reasonable probability that but for error the result would be
different. In other words, he must show that the underlying issues would have
been successful.

procedural default[18].  <u>Coleman</u>, 501 U.S. at 752-53; <u>Smallwood</u>, 191 F.3d at 1267, FN4, 1269 (Petitioner cannot successfully assert that his counsel was constitutionally ineffective at the post-conviction stage because there "is no constitutional right to an attorney in state post-conviction proceedings."); <u>Spears v. Mullin</u>, 343 F.3d 1215, 1255, (10th Cir. 2003), *citing* 28 U.S.C. 2254(i)(Ineffective representation in state post-conviction proceedings is inadequate to excuse procedural default of claims), <u>cert</u>. <u>denied</u>, 541 U.S. 909 (2004); <u>see also</u> <u>Neal v. Gramley</u>, 99 F.3d 841, 843 (7th Cir.1996), <u>cert</u>. <u>denied</u>, 522 U.S. 834 (1997).  Moreover, ineffectiveness of post-conviction counsel is expressly excluded by statute as a ground for federal habeas corpus relief.  28 U.S.C. § 2254(i)[19].

## **CONCLUSION**

The court concludes that petitioner must show cause why this petition for writ of habeas corpus should not be dismissed based upon the doctrine of procedural default.  He must do so, as discussed herein, by establishing both cause and prejudice for defaulting his claims in state court, or that this court's failure to consider his defaulted claims would result in a fundamental miscarriage of justice.  If petitioner does not show cause within

---

[18]    The facts underlying this claim are not alleged in the federal Petition.  They are presumably the same as petitioner's allegations on appeal of the denial of his "final" petition - that counsel, Mr. Brown, was ineffective during the 1507 "preliminary hearing before Judge Clark.

[19]    28 U.S.C. § 2254(i) provides: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding under section 2254."

the time provided by the court, this action may be dismissed without further notice.

   **IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days to show cause why this petition for writ of habeas corpus should not be dismissed under the doctrine of procedural default.

   **IT IS SO ORDERED.**

   Dated this 24th day of December, 2008, at Topeka, Kansas.




                                        s/Sam A. Crow
                                        U. S. Senior District Judge