IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**OTHELLO JOHNSON,**

               Petitioner,

     v.                               CASE NO.  07-3308-SAC

**ROGER WERHOLTZ,**
**et al.,**

               Respondents.

## MEMORANDUM AND ORDER

On December 24, 2008, this court entered a Memorandum and Order (Doc. 6) in which it found petitioner had procedurally defaulted in state court the claims that he raises in this petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner was given time to show cause why this action should not be dismissed as barred under the doctrine of procedural default. The matter is before the court upon petitioner's Response (Doc. 7) to that Memorandum and Order.  In its prior Memorandum and Order this court found:

> [A]lthough petitioner attempted to present some issues to the Kansas courts, he failed to timely and properly exhaust any of the issues he seeks to raise in this court, and as a result the state appellate courts have never addressed the merits of his federal claims. Dismissal without prejudice for failure to exhaust state remedies would normally result. However, dismissal for failure to exhaust is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds. (Citations omitted).

Johnson v. Werholtz, 2008 WL 5397500, at *6 (D.Kan. Dec. 24, 2008)(slip opin.).  The court further found the state courts had in

1

fact already denied petitioner's challenges to his conviction on independent and adequate state procedural grounds, and that his claims are procedurally defaulted based upon the facts and authorities set forth in its prior opinion. Id. at *7-*8.

**LEGAL STANDARDS**

As petitioner was advised, a federal court may proceed to the merits of procedurally defaulted habeas claims if the petitioner establishes either cause for the default and actual prejudice, or that a fundamental miscarriage of justice will result if the merits of the claims are not reached. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Demarest v. Price, 130 F.3d 922, 941 (10th Cir. 1997)(citing Brecheen v. Reynolds, 41 F.3d 1343, 1353 (10th Cir. 1994)); Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995). In his Response, Mr. Johnson does not assert, and makes no attempt to show, cause and prejudice. Instead, he argues that he is factually innocent and this court's failure to consider his claims will result in a fundamental miscarriage of justice.

The fundamental miscarriage of justice exception is "an extremely narrow exception, implicated only in 'an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent'." Ballinger v. Kerby, 3 F.3d 1371, 1375 (10th Cir. 1993)(quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). As the court stated in its prior Memorandum and Order:

> To come within this "very narrow exception," the petitioner must "supplement his constitutional claim with

2

> a colorable showing of factual innocence." <u>Herrera v. Collins</u>, 506 U.S. 390, 405 (1993); <u>see</u> <u>Kuhlmann v. Wilson</u>, 477 U.S. 436, 454 (1986); <u>Phillips v. Ferguson</u>, 182 F.3d 769, 774 (10th Cir. 1999)(A fundamental miscarriage of justice in this context means that the petitioner is probably innocent of the crime.); <u>Brecheen</u>, 41 F.3d at 1356. Factual innocence requires a stronger showing than that necessary to establish prejudice. <u>Schlup v. Delo</u>, 513 U.S. 298, 326 (1995); <u>Demarest</u>, 130 F.3d at 941-42. . . .  Such a showing does not in itself entitle the petitioner to relief but instead serves as a "gateway" that then entitles the petitioner to consideration of the merits of his claims. <u>Id</u>., citing <u>Brecheen</u>, 41 F.3d at 1357, quoting <u>Herrera</u>, 506 U.S. at 404.

<u>Johnson v. Werholtz</u>, 2008 WL 5397500, at *8.  A showing of "fundamental miscarriage of justice" is "very difficult to make" because it requires a petitioner to demonstrate that he is "actually innocent" of the crime for which he was convicted. <u>See</u> <u>Richie v. Sirmons</u>, 563 F.Supp.2d 1250, 1272 (N.D. Okla. 2008)(citing <u>Sawyer v. Whitley</u>, 505 U.S. 333 (1992)); <u>McCleskey v. Zant</u>, 499 U.S. 467, 495 (1991)(citing <u>Strickland</u>, 466 U.S. at 687).

"To prevail, [petitioner] must identify evidence that affirmatively demonstrates his innocence." <u>Phillips v. Ferguson</u>, 182 F.3d 769, 774 (10th Cir. 1999).  Generally, petitioner must produce some evidence other than that presented at trial. <u>Schlup</u>, 513 U.S. at 327-28 (The reviewing tribunal is allowed to consider "the probative force of relevant evidence that was either excluded or unavailable at trial."); <u>House v. Bell</u>, 547 U.S. 518, 537 (2006)(The prisoner "asserting innocence as a gateway to defaulted claims" is required to produce "new reliable evidence . . . that was not presented at trial.").  "Actual innocence" claims must be supported by "new reliable evidence - whether it be exculpatory

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." See Schlup, 513 U.S. at 324. The habeas corpus court must determine petitioner's claim of innocence "in light of all the evidence, including that alleged to have been illegally admitted . . . and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial (citation omitted)." Id. at 328; Kuhlmann v. Wilson, 477 U.S. 436, 455, FN 17 (1986). New evidence not presented at trial will almost always be involved in claims of actual innocence. Schlup, 513 U.S. at 339 (Rehnquist dissenting opinion). "[H]abeas courts will be able to resolve the great majority of 'actual innocence' claims routinely without any evidentiary hearing." See id. at 341 (dissenting opinion citing ante, at 865).

A habeas petitioner does not establish actual innocence "unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. The district court is to "assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial." Id. at 332-33. Thus, the habeas court analyzing an "actual innocence" claim is faced with a body of evidence that has been supplemented since the original trial and, as Justice Rehnquist observed in his dissenting opinion in Schlup:

> The reviewing court must somehow predict the effect that this new evidence would have had on the deliberations of reasonable jurors. It must necessarily weigh this new evidence in some manner, and may need to make credibility

>    determinations as to witnesses who did not appear before
>    the original jury.

Id. at 341 (Rehnquist dissenting opinion).

**PETITIONER'S PROFFERED EVIDENCE OF FACTUAL INNOCENCE**

Mr. Johnson, in support of his assertion that he is factually innocent, generally alleges that he claimed factual innocence throughout his state criminal proceedings and refused all plea bargaining. He also more specifically alleges that he was not in the housing unit with the victim when the rape occurred but was at a nightclub drinking[1], and that the "only adult" at the scene during the crime was a nineteen-year-old male referred to by name. Petitioner also argues that "even a cursory inspection of the evidence and testimony in this case shows (he) could not have been found guilty of rape, even if he was not innocent" of the victim's allegations. In support of this argument, he alleges that the nine-year old victim was very groggy, that her statements indicated she was touched not penetrated, and that an expert witness testified there was no physical evidence of sexual intercourse or forced penetration.

**DISCUSSION**

Having applied the legal standards set forth above to the

---

[1] He also alleges that after the incident was reported that night, police found petitioner sleeping on the couch, intoxicated and very difficult to awaken. He adds that if he made incriminating statements to police that night, he was "simply repeating what the police were telling him," and was in "a greatly diminished mental state."

allegations in petitioner's Response, the court finds they fall "far short" of the requisite "extraordinarily high" showing of actual innocence. See Stafford v. Saffle, 34 F.3d 1557, 1561 (10th Cir. 1994), cert. denied, Stafford v. Ward, 514 U.S. 1099 (1995). Not only does Mr. Johnson fail to identify evidence which affirmatively demonstrates his factual innocence, he fails to identify any new or supplemental evidence whatsoever. He provides no new exculpatory scientific or physical evidence and no statements of trustworthy eyewitnesses swearing that he was not involved in the crime. Nor does he present any sworn witness statements or other evidence not available or presented at trial to support his allegations that he was at a bar and not at the crime scene when the crime occurred.

Petitioner's statements that he claimed factual innocence throughout his criminal proceedings and refused to plea bargain are neither new nor exculpatory evidence. His other statements in his Response - that he was not at the crime scene, another known male was the perpetrator, and the evidence of penetration was insufficient - do not in and of themselves constitute new "evidence" of his innocence. Nor are these statements supported with any form of evidence not available or already considered at petitioner's trial. The only "evidence" he proffers is a few citations to pages from the record of his criminal proceedings. He does not even provide copies, or summarize the actual contents, of these cited excerpts. He simply implies that the cited testimony either supports his claim of innocence or was insufficient to

establish his guilt.  These citations to the record are obviously not new or supplemental evidence of his innocence not presented at trial.  They are nothing more than mere repetition of exculpatory evidence or impeachment of other evidence presented and rejected at trial[2].  Schlup, 513 U.S. at 329.

Moreover, the "actual innocence" standard is a high one, and is not satisfied merely by evidence that might have raised reasonable doubts in the trial jurors' minds . . . ."  Sellers v. Ward, 135 F.3d 1333, 1338 (10th Cir.)(citing Schlup, 513 U.S. at 327), cert. denied, Sellers v. Gibson, 525 U.S. 1024 (1998); see Stafford, 34 F.3d at 1561 (Evidence which merely impeaches or raises "some suspicion or doubt" about guilt is insufficient to satisfy the "actual innocence" standard.).  The showing of factual innocence at this stage of habeas proceedings must be more than an "incremental, additional set of doubts."   Thus, a criminal defendant is required to provide evidence that does more than simply "undermine the finding of guilt against" him.  Phillips, 182 F.3d at 774 (citing Ballinger, 3 F.3d at 1375).  A petitioner has the burden of persuading the Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  Schlup, 513 U.S. at 316.  (A

---

[2]  Petitioner's reliance only upon evidence already presented in his criminal proceedings is, in effect, a request that this court re-weigh the evidence presented at his trial.  It is well-settled that upon habeas corpus the court will not re-weigh the evidence.  "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution - not to correct errors of fact."  Herrera, 506 U.S. at 400; see also Barefoot v. Estelle, 463 U.S. 880, 887 (1983)("Federal courts are not forums in which to relitigate state trials.").

showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial . . . ."). Mr. Johnson's statements and citations do not at all convince this court that no reasonable juror would have convicted him or that it can have no confidence in his trial.

Furthermore, to come within the very narrow exception for fundamental miscarriage of justice, petitioner must show actual or factual innocence as opposed to legal innocence. See Klein, 45 F.3d at 1400; Brecheen, 41 F.3d at 1357 (citing Steele v. Young, 11 F.3d 1518, 1522 FN 8 (10th Cir. 1993))("As the name suggests, the appropriate inquiry concerns actual or factual innocence, as compared to legal innocence."). In Smith v. Murray, 477 U.S. 527 (1986), the U.S. Supreme Court "emphasized that the miscarriage of justice exception is concerned with actual as compared to legal innocence." Sawyer, 505 U.S. at 339-40. Petitioner's claim that there was insufficient evidence of penetration and any suggestion that he was not guilty due to involuntary intoxication[3] are clearly allegations of legal insufficiency, not factual innocence. See Bousley v. U.S., 523 U.S. 614, 623 (1998)("'[A]ctual innocence' means factual innocence, not mere legal insufficiency.")(citing Sawyer, 505 U.S. at 339). These claims are not that Mr. Johnson is innocent of raping the victim, but instead that he is not guilty because he lacked the requisite intent or because he did not

---

[3] Petitioner's comments that he was intoxicated when he was found at the crime scene, and "in a greatly diminished mental state" when he made incriminating statements also go to legal rather than factual innocence.

adequately penetrate the victim's vagina. These arguments go to legal innocence, as opposed to factual innocence. See id.; see also Brecheen, 41 F.3d at 1357; Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000), cert denied, 537 U.S. 1203 (2003).

Petitioner's allegations that the victim was groggy, and questioning the credibility of her testimony are likewise not proof of his actual innocence. Even if petitioner had presented new reliable evidence of these allegations, they would at most cast doubt upon testimony of or regarding his primary accuser. Actual innocence is not established with evidence that only "casts doubt upon the testimony of the [criminal defendant's] primary accuser." Phillips, 182 F.3d at 775 (citing Ballinger, 3 F.3d at 1375.). "[M]ore is required to satisfy the actual innocence exception," than evidence that would "significantly impeach the testimony" of a witness." Id. The court concludes that Mr. Johnson has not shown his actual innocence or that this court's failure to address the merits of his procedurally defaulted claims will result in a miscarriage of justice. See Brecheen, 41 F.3d at 1357.

**PETITIONER'S CLAIMS ARE WITHOUT MERIT**

The court additionally concludes that even if review of petitioner's claims were not barred by procedural default, he is not entitled to federal habeas corpus relief on his claims for the following reasons.

In its prior Memorandum, the court summarized the grounds raised in Mr. Johnson's federal Petition as follows: judicial bias

by the trial judge and another judge that ruled on petitioner's state post-conviction motion, prosecutorial misconduct at trial and during state post-conviction proceedings, and ineffective assistance of counsel at trial and during post-conviction proceedings. The court found that petitioner's claims of judicial bias were not supported by any factual allegations whatsoever, and could not proceed unless petitioner provided supporting facts. Petitioner has alleged no additional factual support for these claims in his Response, and is not entitled to federal habeas corpus relief based upon his conclusory allegations of judicial bias.

Petitioner's claims of prosecutorial misconduct were likewise found in the court's prior Memorandum to be without factual support, and petitioner has not alleged additional relevant facts in his Response. The challenged acts and arguments of the prosecutor are not shown to have been intentional, misleading, or otherwise improper. Nor are they shown to have rendered petitioner's trial constitutionally infirm. See Donnelly v. DeChristoforo, 416 U.S. 637, 642 (1974).

Petitioner's only remaining claim is that of ineffective assistance of trial counsel[4]. Ineffective assistance of counsel claims are governed by Strickland v. Washington, 466 U.S. 668,

---

[4] The court has already held that petitioner's claims of ineffective assistance of counsel during state post-conviction proceedings are without merit because there is no federal constitutional right to representation of counsel in such collateral proceedings. 28 U.S.C. § 2254(i)("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i).

10

(1984). To prevail on such a claim, a petitioner "must prove [1] that counsel's performance was constitutionally deficient and [2] that counsel's deficient performance prejudiced the defense, depriving the petitioner of a fair trial with a reliable result." Boyd v. Ward, 179 F.3d 904, 913 (10th Cir. 1999)(citing Strickland, 466 U.S. at 687).

As the main basis for this claim[5], petitioner alleges that trial counsel failed to present the defense of voluntary intoxication and to request jury instructions on this defense at his trial. Clearly, the right to present a defense is a fundamental element of due process of law. United States v. Bautista, 145 F.3d 1140, 1151 (10th Cir.), cert. denied, 525 U.S. 911 (1998). A defendant is entitled to an instruction on his or her theory of defense if the theory is supported by evidence. Nevertheless, the court finds that petitioner's allegations underlying this claim, even taken as true, do not establish that trial counsel was constitutionally ineffective.

Petitioner does not discuss testimony or other evidence that was presented at trial regarding his intoxication. Nor does he specify what witness or other evidence his counsel could have but failed to present that, together with the trial evidence[6], would

---

[5] This is the only underlying basis for this claim for which any facts in support are alleged.

[6] With regard to an ineffective assistance of counsel claim based on failure to request a voluntary intoxication instruction, the Tenth Circuit has stated:

> Petitioner does not describe any evidence that should have been presented but was not, as to the level of his intoxication. Nor does he allege that sufficient evidence of intoxication was

11

have proven petitioner was intoxicated to a degree necessary to negate the intent element of his crime, as required by Kansas law[7]. Thus, he has presented no evidence which creates in this court's mind the reasonable probability that the jury would have found his voluntary intoxication defense persuasive so that the outcome of the trial would have been different.

Even if petitioner had described trial and new evidence sufficient to persuade of his voluntary intoxication at the time of the offense, he would not be entitled to habeas corpus relief on this claim. This is so because rape in Kansas is a general intent crime[8], where voluntary intoxication is not a defense. State v. Jones, 283 Kan. 186, 209, 151 P.3d 22 (2007)(Voluntary intoxication is not a defense to general intent crimes.); State v. Smith, 39 Kan.App.2d 204, 209, 178 P.3d 672 (Kan.App. 2008)(citing State v. Belcher, 269 Kan. 2, 7, 4 P.3d 1137 (2000)(Rape is not a specific intent crime.)); State v. Plunkett, 261 Kan. 1024, 1030, 934 P.2d 113 (1997); see also State v. Walker, 252 Kan. 279, 296-97, 845 P.2d 1 (1993). Kansas courts have held that before an instruction on voluntary intoxication is warranted, the defendant bears the

---

presented so that he was entitled to an instruction on this defense. See Bland v. Sirmons, 459 F.3d 999, 1030 (10th Cir. 2006), cert. denied, 127 S.Ct. 2117 (2007).

[7] K.S.A. § 21-3208(2) provides:

(2) An act committed while in a state of voluntary intoxication is not less criminal by reason thereof, but when a particular intent or other state of mind is a necessary element to constitute a particular crime, the fact of intoxication may be taken into consideration in determining such intent or state of mind."

[8] K.S.A. § 21-3502(a)(2) provides that the crime of rape includes "sexual intercourse with a child who is under 14 years of age."

burden of proving the use of alcohol or drugs so impaired his or her mental faculties that he or she could not form the requisite intent to commit the crime. See State v. Johnson, 258 Kan. 475, 485-86, 905 P.2d 94 (1995)(citing State v. Gadelkarim, 247 Kan. 505, 508, 802 P.2d 507 (1990)); State v. Shehan, 242 Kan. 127, 131, 744 P.2d 824 (1987).  "A defendant may rely on the defense of voluntary intoxication where the crime charged requires specific intent, and an instruction thereon is required if there is evidence to support the defense." Gadelkarim, 247 Kan. at 508.

Here, there was no specific intent element to petitioner's crime that could be negated by his voluntary intoxication. Petitioner refers to no legal authority indicating that voluntary intoxication would have been a viable defense at his trial, and this court finds none. An attorney's failure to present a defense that is not legally viable can hardly be considered incompetent representation. Under these circumstances, the court finds that the omission of an instruction on voluntary intoxication did not render petitioner's trial fundamentally unfair[9].

Even if involuntary intoxication were shown to be a legally viable defense in petitioner's case, trial counsel's decisions as to which defenses to present at trial are matters of strategy. For counsel's representation to be constitutionally ineffective, a

---

[9] "As a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of the law." Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997)(internal quotation marks omitted); Patton v. Mullin, 425 F.3d 788, 807 (10th Cir. 2005). Omission of a jury instruction that was not permitted under state law can hardly be termed "fundamentally unfair."

"strategic decision must have been completely unreasonable, not merely wrong." Romano v. Gibson, 278 F.3d 1145, 1153 (10th Cir. 2002)(citing Fox v. Ward, 200 F.3d 1286, 1296 (10th Cir.), cert. denied, 531 U.S. 938 (2000)). Petitioner has presented no evidence indicating counsel's decision to forego these options was objectively unreasonable. See Thornburg v. Mullin, 422 F.3d 1113, 1140 (10th Cir. 2005).

For all the foregoing reasons and for the reasons stated in its Memorandum and Order dated December 24, 2008, this court finds that petitioner's claims are barred by procedural default; he has not shown that a fundamental miscarriage of justice will result if the merits of his claims are not reached; and, in any event, his claims are without factual or legal merit. The court concludes that this action must be dismissed, and all relief is denied.

**IT IS THEREFORE ORDERED** that this action is dismissed and all relief is denied.

**IT IS SO ORDERED.**

Dated this 3rd day of February, 2009, at Topeka, Kansas.


                                    s/Sam A. Crow
                                    U. S. Senior District Judge